## No. 242.

### SUCCESSION OF THEOPHILE GOLLAIN AND WIFE.

1. Where the same individual is administrator of a succession, and tutor of the minors interested therein, he is bound, by his obligation as tutor, to accord to such minors, in the succession, the rights and the rank to which they are entitled.
2. In a concursus, between conflicting creditors, over the account of administration, in such a case, the minors are not lawfully represented by the administrator and tutor; and the judgment, under such circumstances, is not binding upon the minors, in favor of the said tutor.
3. In a proceeding, upon the part of such minors, against such tutor, the judgment upon his account as administrator, as above recited, fixing rank among privileged creditors to the detriment of the minors' homestead, and his disbursements accordingly, will afford no protection to the tutor.

*Appeal from Civil District Court, Division A. Tissot, J.*

*James Timony* for the opponents, appellees.

*Simeon Belden* for the tutor, appellant.

ROGERS, J.—The minor children of Theophile Gollain and his wife oppose the account filed by their tutor. The succession was insolvent, and the tutor obtained $1000 for his wards, awarded by law to minors in necessitous circumstances. He claims also to have paid out various sums for board and other charges. We have not found in the record any receipts for the payments claimed or the judgments referred to. The tutor in this instance was also administrator of the succession. As tutor he was bound to see that the rank of claim and rights of the minors were protected as against all claims against him as administrator—a judgment against him in the latter position was not binding upon the minors—they should have been properly represented in the curcurso of creditors invoked by the acts of administration, and their privilege and claims contradictorily established. As administrator he cannot be shielded from his dereliction as tutor, because, in a proceeding in which the minors were not represented, the privileges of creditors were fixed.

The privilege accorded the minor and surviving widow in ne-

20

cessitous circumstances is of the highest rank. "It shall be paid in *preference to all other debts*, except those for vendor's privilege and expenses incurred in selling the property." Rev. Stat., Sec. 1693.

As a matter of fact, the lower Judge found, and so expressly ordered in his decree, that the tutor had received the one thousand dollars for the minors, and adjudged in favor of Hortense Gollain, wife of Otto Krege, $475.25, and in favor of Alphonse Gollain, $324.75. The judgment is therefore affirmed.